### Howden, trustee, v. Star Laundry.

Bell, J. This was a suit for specific performance and for a judgment for portions of the purchase-money and rent alleged to be due. The petition was held good against demurrer, in *Star Laundry Co.* v. *May Dry Cleaning Co.*, 176 *Ga.* 34 (166 S. E. 655). Upon the trial the court awarded a nonsuit, and the trustee in bankruptcy, who had been made a party in lieu of the original plaintiff, excepted. *Held:*

1. The evidence was sufficient to warrant a finding that the president of the defendant company was authorized to execute the contract in its behalf.

2. Under the pleadings and the evidence, it did not appear as a matter of law that the vendor had abandoned the contract or elected a different remedy by its continued use of the property for about two weeks after filing the suit. Whether or not the use of the property, as indicated,

might otherwise have constituted a defense, there being some evidence that the defendant consented to what was done, the court should not have granted a nonsuit on this ground.

3. Nor was it necessarily fatal to the plaintiff's case that the vendor finally ceased to operate the property as a going concern. If it be true that the contract required the vendor to maintain the plant as a going concern until the sale was consummated, the evidence would have authorized the inference that the vendee committed a breach of its own agreement and thus excused performance by the vendor in this respect, the evidence further showing that the vendor made an adequate tender of the property upon ceasing its operation.

4. Under the facts of this case, it can not be said as a matter of law either that the vendor was guilty of fraud, or that, if so, the vendee could not have discovered the fraud by the exercise of proper diligence.

5. The plaintiff having introduced evidence sufficient to prove every material allegation of the petition, without at the same time establishing other facts from which a finding against the plaintiff was demanded as a matter of law, the court erred in withdrawing the case from the jury and in granting a nonsuit.

*Judgment reversed. All the Justices concur.*

No. 9818. JUNE 16, 1934. REHEARING DENIED JULY 12, 1934.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff.
*Kennedy & McWhorter,* for defendant.